[Filed November 4, 1889.]

# W. S. LADD, APPELLANT, v. THE CITY OF EAST PORTLAND, RESPONDENT.

CHARTER OF THE CITY OF EAST PORTLAND—OPENING STREETS.—The charter of the city of East Portland requires that "whenever the common council shall deem it expedient to lay out, establish, widen, or extend a street or alley, the council shall direct the city surveyor to survey such proposed street or alley, *and to mark the boundaries thereof*, and to make his report to the common council, containing the plat of such survey of such. street or alley, and the portion of each lot, or part thereof, required to be appropriated for such street or alley."

*Held*, that a vote of the council whereby the city surveyor was required to make a, survey and report on Eleventh street from Division street to the county road, was not a sufficient compliance with the charter.

CHARTER OF THE CITY OF EAST PORTLAND—CITY SURVEYOR'S REPORT.—When the common council of the city of East Portland attempts to open a street through the lands of another, under the charter, the report of the city surveyor must contain the plat of such survey of said street. A statement in such report that the plat of such survey "is shown on the plat on file with the recorder" is insufficient.

CITY SURVEYOR—SURVEY—REPORT.—Where, by an order of the common council, the city surveyor was directed to make a survey and report on Eleventh street, from Division street to the county road south, a survey "from the south line of Division street to a point twenty feet south of the O. & C. railroad track" is not a compliance with the order of the council.

ORDINANCE—APPROVAL BY THE MAYOR.—An ordinance passed by the common council of the city of East Portland could not take effect until approved by the mayor, and all proceedings had under such ordinance before its approval are nullities.

APPEAL from Multnomah county.

*Fred. V. Holman*, for Appellant.

*J. V. Beach*, city attorney, for Respondent.

STRAHAN, J.—This is a proceeding by writ of review, instituted in the circuit court of Multnomah county. Its object is to review the proceedings of the common council of the city of East Portland in attempting to open and extend Eleventh street, in said city, through the appellant's lands, and thus appropriate the same to public use. The record certified into the circuit court, in answer to the writ, presents numerous questions affecting the jurisdiction of the common council of said city in said matter, as well as the regularity of its exercise. So many of these questions as are deemed necessary we will now proceed to notice. To review each of them would extend this opinion to an unreasonable length.

1. Section 1 of article 6 of the charter of the city of

East Portland confers on the common council of said city authority to lay out and establish, widen, extend and open streets, or parts of streets, and prescribes the mode in which such power shall be exercised, as follows: "The common council is authorized and empowered to lay out, establish, vacate, widen, extend, and open streets, or parts of streets, alleys, or parts of alleys, in said city, and to appropriate private property for that purpose.    *    *    *  Whenever the common council shall deem it expedient to open, lay out, establish, widen, or extend a street or alley, the council shall direct the city surveyor to survey such proposed street or alley, or widen an extended street or alley, and to make the boundaries thereof; and to make his report to the common council, containing a plat of the survey of such street or alley, and of the portion of each lot, or part thereof, required to be appropriated for such street or alley; which report, if satisfactory to the common council, shall be adopted by ordinance embodying the same; *provided*, that before the adoption thereof, the council shall cause the recorder to give notice of the filing of such report by publication for fifteen days in some daily or weekly newspaper published in the city of Portland or in the city of East Portland.   Thereafter, and within thirty days of the adoption of such report, the common council shall appoint three disinterested freeholders of the city of East Portland, no kin to any owner or person interested in any property to be appropriated, and possessing the qualifications of jurors in courts of justice, to view such proposed street or alley, and to make an assessment of damages and benefits, if any, to the respective owners of lots, or parts of lots, appropriated, and to report the same to the common council.   The said viewers shall meet at such time as may be designated by said council, and, after having been duly sworn or affirmed to discharge their duties faithfully and impartially, shall proceed and view the whole distance of said proposed street or alley, and assess and determine how much less or more valuable the premises of such owners, respectively, would be rendered by the

opening of the same. If the common council is satisfied that the amount of damages assessed by said viewers, or by the circuit court upon appeal, as hereinafter provided, is just and equitable, and that the proposed street or alley will be of sufficient importance to the public to cause the damages so assessed to be paid by the city, the council shall order the same to be paid to said owners, respectively, out of the treasury, as the other claims against the city are paid; but if, in the opinion of the council, such pro-posed street or alley is not of sufficient importance to the public to cause the damages so assessed to be paid by the city of East Portland, the council may refuse to establish such street or alley, or widen and extend the same, as the case may be, unless the said damages, or such part thereof as the council may think proper, shall be paid by private parties; *provided*, that any such owner, feeling aggrieved by the assessment of such damages as herein provided, may, within twenty days after the filing of said report of the said viewers, appeal therefrom to the circuit court of Multnomah county in the same manner as appeals from the assessment of damages in laying out a highway by the county courts. And, if the appellant shall fail to recover judgment more favorable than the report appealed from, he shall pay all costs of the appeal; and in no case shall such appellant recover any amount of costs and disburse-ments against the city of East Portland upon such appeal beyond the sum of $25; nor shall such appellant enforce any judgment for damages against said city when the com-mon council shall determine that the street is not of suffi-cient importance to justify the establishment of the same, after the appeal shall have been filed in the circuit court."

The preliminary proceeding in this matter was taken in the council on the twentieth day of February, 1888, as shown by the journal of that body, as follows: "Mr. Murphy moved that the city surveyor make a survey and report on Eleventh street, from Division street to the county road south, and, being put to a vote, the motion prevailed." This order of the council, by which this proceeding was

commenced, is defective, as the slightest reference to the charter will demonstrate. By the very terms of the charter above quoted, "whenever the common council shall deem it expedient to open, lay out, establish, widen, or extend a street or alley, the council shall direct the city surveyor to survey such proposed street or alley or widen an extended street or alley, and to mark the boundaries thereof; and to make his report to the common council, containing a plat of the survey of such street or alley, and the portion of each lot, or part thereof, required to be appropriated for such street or alley." No doubt, the object of this provision was to place on the record, by way of direction to the city surveyor, a recapitulation of the duties he was required to perform in the extension or opening of a street or alley, so that, if a copy of the council's order should be delivered to him, he could at once see the measure and extent of his duty. Whether this be so or not, it is always safer for inferior tribunals, when called upon to act, where the rights of others are so deeply concerned, and especially where such interested parties are not present, and cannot be heard, to follow substantially and closely all of the requirements of law which alone confer authority upon them to act.

2. Acting under the authority which the council attempted to confer upon the city surveyor, on the fifth day of March, 1888, he filed with the recorder of said city the following report:

"CITY SURVEYOR'S REPORT.

"EAST PORTLAND, March 5, 1888.

"To the Hon. Mayor and Common Council—Gentlemen: In pursuance to instructions, I have made the survey for the opening and extension of Eleventh street, from the south line of Division street to a point twenty feet south of the O. & C. railroad track, and that the said street will require off the land of W. S. Ladd a strip of land sixty feet wide, 320 feet on the west side, and 368 feet on the east side of

the center line of said proposed street, containing 20,640 square feet. All of which is shown on the plat on file with the recorder.    Respectfully submitted,

"O. H. BELLINGER, city surveyor."

Here, again, this proceeding seems to be fatally defective. The surveyor, by vote of the council, was directed to "make a survey and report on Eleventh street, from Division street to the county road south." Instead of doing that, so far as appears from this record before us, he made a survey for the opening and extension of Eleventh street, from the south line of Division street to "a point twenty feet south of the O. & C. railroad track." If this survey was "to the county road south," the fact does not appear. Nor did this report contain "a plat of the survey of such street," which the council was required to direct that it should contain. Of course, it was not absolutely essential that such plat should be actually copied into the surveyor's report. It might have been annexed to it, and marked and identified as an exhibit. In such case, if it was so identified, and accompanied the report when filed, it would have been sufficient; but the report and survey was defective without it, and it was not aided by the statement in the report that facts enumerated therein were "shown on the plat on file with the recorder." Whatever that plat did contain is not relevant to the present inquiry. It was not contained in the surveyor's report, which is the only place persons whose lands were affected by the extension or opening of a street were bound to look for information.

3.    Thereafter, and on the twenty-third day of April, 1888, said common council passed "ordinance No. 647, an ordinance adopting the report of the city surveyor on the proposed opening and extension of Eleventh street, from the south line of Division street to a point twenty feet south of the Oregon & California railroad track. The city of East Portland does ordain as follows:    Section 1.    The common council of the city of East Portland having decreed it expedient to open and extend Eleventh street, from the south line of Division street to a point twenty feet south of

the Oregon & California railroad track, and having, on the sixteenth day of March, 1888, directed the city surveyor to survey the same, and mark the boundaries thereof, and to make his report to the common council, containing a plat of survey of such street, and the portion of each lot, or part of lot, required to be appropriated in extending and opening the same; and the city surveyor having, on the fifth day of March, 1888, presented to the said common council his report thereon, and due notice having been given by publication in the *East Portland Vindicator,* a newspaper published weekly in said city, for fifteen days, and said report of the city surveyor being satisfactory to the common council, the same is hereby adopted.    The language of the report is as follows." (Here follows a copy of the city surveyor's said report, but without any plat.) This ordinance No. 647 was approved by the mayor, May 7, 1888,—two weeks after its passage, which was on April 23, 1888.    There is nothing in this record to show that the common council passed any such vote on the sixteenth day of March, 1888, as is recited in this ordinance, or that the council passed any vote whatever on that day.    The council's minutes show the order already referred to, made on February 20, 1888, directing a survey, and that is the only order disclosed by this record on that subject.    Here the council seems to have fallen into a strange state of confusion, and to have lost sight of their own record and proceedings.    The surveyor's report bears date March 5, 1888, eleven days prior to the time recited in the ordinance when the council say they made the order for the survey.    Again, this ordinance was not approved by the mayor until the seventh day of May, 1888,—two weeks after its passage. On May 2, five days before the ordinance was in force, the council appointed three viewers.

By reference to the charter, *supra*, the report of the surveyor must "be adopted by an ordinance embodying the same; *provided*, that before the adoption thereof the council shall cause the recorder to give notice of the filing of such report by publication for fifteen days in some daily

or weekly newspaper published in the city of Portland or in the city of East Portland. Thereafter, and within thirty days from the adoption of such report, the common council shall appoint three disinterested freeholders of the city of East Portland, not akin to any owner or person interested in any property to be appropriated," etc. Clearly, the council was only authorized to appoint viewers after the report had been adopted by ordinance; and such adoption did not therefore take place until the ordinance was put in force by the approval of the mayor. The appointment of viewers, therefore, on May 2, 1888, was wholly unauthorized and void. On May 4, 1888, still acting before the ordinance was in force, the persons named, assuming to be viewers, met and made a report on the same day; on May 5, 1888, the report of the three persons assuming to be viewers was filed with the recorder; and on May 7, 1888, the day the ordinance was adopted, the council also adopted the report of the viewers. On July 2, 1888, the council passed an ordinance, No. 662, entitled "An ordinance declaring Eleventh street opened and established from the south line of Division street to a point twenty feet south of the Oregon & California railroad." This ordinance was approved by the mayor, July 16, 1888.

4. Cases of this nature have been so often before this court, and the principles upon which they must be decided have been so often announced, that a more particular discussion of them, further than is already stated, seems superfluous. The judgment appealed from must be reversed, and the proceedings of the common council set out in the record in this case must therefore be annulled and set aside.